******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
CHARLES GAMER, JR.
(SC 20771)

Robinson, C. J., and D'Auria, Mullins, Ecker,
Alexander, Dannehy and Alvord, Js.

Argued October 20—officially released December 5, 2023

*Procedural History*

Information charging the defendant with violation of
probation, brought to the Superior Court in the judicial
district of Stamford-Norwalk, geographical area num-
ber twenty, where the case was tried to the court,
*McLaughlin, J.*; judgment revoking the defendant's pro-
bation, from which the defendant appealed to the Appel-
late Court, *Bright, C. J.*, and *Moll* and *Pellegrino, Js.*,
which affirmed the trial court's judgment, and the defen-
dant, on the granting of certification, appealed to this
court. *Appeal dismissed.*

*James B. Streeto*, senior assistant public defender,
with whom, on the brief, was *Meaghan Kirby*, for the
appellant (defendant).

*Laurie N. Feldman*, assistant state's attorney, with
whom, on the brief, were *Suzanne M. Vieux*, supervi-
sory assistant state's attorney, and *Elizabeth Moran*,
former assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Charles Gamer, Jr., appeals from the judgment of the Appellate Court, which affirmed the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32 and sentencing him to three years of incarceration. See *State* v. *Gamer*, 215 Conn. App. 234, 236–37, 249, 283 A.3d 16 (2022). On appeal to the Appellate Court, the defendant claimed that (1) there was insufficient evidence to support the trial court's finding that he wilfully failed to pay restitution, and (2) the trial court had abused its discretion by imposing a term of imprisonment. Id., 236. The Appellate Court rejected these claims, concluding that there was sufficient evidence to support the trial court's finding that the defendant wilfully failed to make restitution because he had not made bona fide efforts to pay the restitution and that the trial court had not abused its discretion in revoking his probation and imposing a term of incarceration. See id., 236–37, 246–47. We granted the defendant's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court err in failing to reverse the trial court's judgment revoking the defendant's probation on the ground that the evidence was insufficient to establish that the defendant's failure to pay restitution was wilful?" And (2) "[d]id the Appellate Court correctly conclude that the trial court had not abused its discretion in imposing a term of imprisonment for the defendant's violation of probation rather than some lesser sanction?" *State* v. *Gamer*, 345 Conn. 920, 284 A.3d 984 (2022).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

————————————————